UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA SUD,<br><br>        Plaintiff,<br><br>    v.<br><br>COSTCO WHOLESALE CORPORATION, et al.,<br><br>        Defendants. | Case No.  15-cv-03783-JSW<br><br>**ORDER ON MOTIONS TO DISMISS**<br><br>Re: Docket Nos. 38, 39, 47 |

Now before the Court for consideration are motions to dismiss filed by Defendants Costco Wholesale Corporation ("Costco"), Charoen Pokphand Foods PCL ("Charoen"), and C.P. Food Products, Inc. ("C.P. Foods") (collectively the "CP Defendants").  The Court has considered the parties' papers, relevant legal authority, and the record in this case, including the supplemental brief filed by Plaintiff, Monica Sud ("Sud"), and the additional authority filed by Defendants.

For the reasons set forth in the remainder of this Order, the Court HEREBY GRANTS Costco's motion to dismiss for lack of Article III standing, and the CP Defendants' joinder therein, and it GRANTS Sud leave to file an amended complaint.[1]  In light of this ruling, the Court DENIES the remaining motions to dismiss without prejudice to each Defendant renewing the arguments raised therein.[2]

---

[1]  The CP Defendants joined in Costco's motion to dismiss for lack of subject matter jurisdiction.  (*See* Docket No. 50.)

[2]  In addition to its motion to dismiss for lack of Article III standing, Costco moved to dismiss on the basis that: (1) Sud lacks statutory standing; and (2) Sud fails to state a claim for relief.  The CP Defendants moved to dismiss on the basis that: (1) the Court lacks personal jurisdiction over them; (2) Sud lacks statutory standing; (3) Sud fails to state a claim for relief; and (4) the Court should equitably abstain from resolving the dispute.

**BACKGROUND**

On August 19, 2015, Sud filed this putative class action alleging violations of California's: (1) Unfair Competition Law, Business and Professions Code sections 17200, *et. seq.* (the "UCL Claim"); (2) False Advertising Law, Business and Professions Code sections 17500, *et seq.* (the "FAL Claim"); and (3) Consumer Legal Remedies Act, Civil Code sections 1750, *et. seq.* (the "CLRA Claim").

Sud alleges that Costco sells prawns from Thailand, which are "derived from a supply chain that depends upon documented slavery, human trafficking and other illegal labor abuses." (Compl. ¶¶ 6, 11-12, 18-19; *see also id.*, ¶¶ 75-112 (detailing facts underlying allegations regarding slavery, human trafficking and illegal labor abuses).) Sud alleges that Costco "knows that the feed for farmed prawns is the product of pirate fishing and the use of 'ghost ships.'" (*Id.* ¶ 16.) She also alleges that Costco purchases these farmed prawns from Southeast Asian producers, including CP Foods and its parent, company, Charoen. Sud further alleges that the CP Defendants are aware of, but do not disclose, the fact that the feed used for the prawns is tainted by the fact that it is derived from slavery, human trafficking and illegal labor abuses. (*Id.* ¶¶ 16, 40, 64-74, 161-162.)

According to Sud, Costco publicly states on its website that it has a "supplier Code of Conduct which prohibits human rights abuses in our supply chain[.]" (*Id.* ¶ 19.) Sud alleges that these statements are misleading, because Costco continues to sell prawns that it knows are derived from a supply chain tainted by slavery, human trafficking and other human rights violations. She also alleges that Costco fails to advise consumers that of this fact and alleges that it "market[s] and sell[s] the product in packages which only advise that the contents are imported as a product from a foreign country…." (*Id.* ¶¶ 13, 15-19.)[3]

The Court shall address additional facts as necessary in its analysis.

---

[3] Sud does not always clearly distinguish which of the three defendants are alleged to have taken certain action. (*See, e.g.,* Compl. ¶ 13.) If Sud chooses to amend her complaint, she must clearly distinguish among the three defendants.

**ANALYSIS**

**A.     Applicable Legal Standards on Motions to Dismiss Under Rule 12(b)(1).**

When a defendant moves to dismiss a complaint or claim for lack of subject matter jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). The Court evaluates a motion to dismiss for lack of Article III standing under Rule 12(b)(1). *See Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack on the jurisdiction occurs when factual allegations of the complaint are taken as true. *Federation of African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion dismiss, [courts] presume that general allegations embrace those specific facts that are necessary to support the claim.") (internal cite and quotations omitted). The plaintiff is then entitled to have those facts construed in the light most favorable to him or her. *Federation of African Am. Contractors*, 96 F.3d at 1207.

In contrast, a factual attack on subject matter jurisdiction occurs when defendants challenge the actual lack of jurisdiction with affidavits or other evidence. *Thornhill*, 594 F.2d at 733; *see also Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). "When the defendant raises a factual attack, the plaintiff must support … jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context." *Leite*, 749 F.3d at 1121 (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010)). The district court may resolve those factual disputes itself, unless "the existence of jurisdiction turns on disputed factual issues[.]" *Id.* at 1121-22 (citing *Safe Air for Everyone*, 373 F.3d at 1039-40,

*Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983), and *Thornhill*, 594 F.2d at 733).[4]

**B.     The Court Grants the Motion to Dismiss for Lack of Standing, With Leave to Amend.**

In order to satisfy Article III's standing requirements, Sud must allege that: (1) she suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that the injury is fairly traceable to the Defendants' conduct; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan,* 504 U.S. at 560-61.

Although Sud includes allegations relating to prawns farmed in or fed by feed obtained in Indonesia or "Southeast Asia," her allegations focus on Thailand, which she alleges is the number one exporter of farmed prawns. (*Compare, e.g.,* Compl. ¶¶ 6, 15, 58, 136 *with e.g., id.,* ¶¶ 8, 13, 20, 24, 27, 37, 59-61, 70-73, 75, 77, 98-99, 125-135, 181.) For example, to demonstrate she has standing, Sud alleges that she "has purchased and paid for farmed prawns at Costco, which were imported from Thailand and/or Thai-flagged ships working in waters near Thailand during the alleged class period," and alleges that she would not have purchased such prawns had she known the truth. (*Id.* ¶¶ 26, 37.) In addition, Sud seeks to represent a class of "[a]ll persons and entities residing in California that, from at least 2011, through the present purchased frozen (or previously frozen) *Thai* farmed prawn products in the United States from" Costco. (Compl. ¶ 165 (emphasis added).)

Sud also submits a declaration in which she attests that she and her mother, Cecilia Jacobo ("Jacobo"), have purchased prawns at Costco, although she cannot recall specific dates of the

---

[4] Sud requested an evidentiary hearing and argued that if the Court did not hold such a hearing, it must accept the allegations in her Complaint as true. However, Sud has not put forth any facts that directly contradict Costco's evidence. Therefore, for the reasons articulated in *Figy v. Frito-Lay North America Inc.*, the Court does not find her argument persuasive. 67 F. Supp. 3d 1075, 1085-86 (N.D. Cal. 2014). Sud also argued in her opposition and her supplemental brief that she should be entitled to obtain discovery to test the statements in the Acbal and De Atley declarations. (*See, e.g.,* Docket No. 57, Opp. Br. at 1:10-13; Docket No. 73, Supplemental Brief at 7:19-24.) However, Sud does not clearly articulate what facts she could or would obtain to contradict those statements. *See, e.g.,* Fed. R. Civ. P. 56(d). Accordingly, the Court denies the request to obtain discovery on standing at this time. If Sud files an amended complaint, and if the Defendants again assert a factual challenge to the allegations, the Court's ruling is without prejudice to Sud filing a renewed, and detailed, request for discovery.

purchases.[5] (Docket No. 57-1, Declaration of Monica Sud ("Sud Decl."), ¶¶ 8, 11, Ex. A.) Sud attests that she does recall purchasing a package of prawns that "was about a foot and a half long and six inches wide. They were prawns wrapped on a foam plate surrounded in plastic wrap. … The label had the description on the package as black tiger prawns." (Sud Decl., ¶ 8.) This description is consistent with a photograph that appears in the Complaint. (*See* Compl. at p. 17.) However, Sud does not attest that her purchase was identical to the prawns depicted in the photograph. (*See generally* Sud Decl. ¶¶ 1-8.) Sud also provides a receipt for a purchase of prawns on March 27, 2015. (Sud Decl., Ex. A.)

Costco, in turn, puts forth evidence that while Sud was a card-holding Costco member, she did not purchase any farmed prawns. (Docket No. 48-4, Declaration of Michelle Acpal, ¶¶ 5-7, Ex. 1.) Costco also submits Jacobo's purchase history from January 1, 2011 through October 25, 2015. (Docket Nos. 63-1, 70, Supplemental Declaration of Michelle Acpal, ¶¶2-4, Ex. A.) One of Costco's buyers attests that based on item numbers and descriptions, the prawns purchased by Jacobo were sourced from Vietnam and Indonesia, not Thailand. (Docket No. 69, Declaration of Nathan DeAtley, ¶¶ 3-4.)

Based on this record, the Court concludes that Sud has not put forth sufficient evidence to overcome Costco's factual challenge to Article III standing. However, the Court also cannot find that it would be futile to grant leave to amend her complaint to cure that deficiency, such as expanding the allegations to cover the purchase of prawns farmed in countries other than Thailand; (2) adding Jacobo as a class representative to such expanded claims; and/or (3) amending to include an additional class representative who can allege facts showing that he or she has purchased prawns that are a product of Thailand.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion to dismiss for lack of Article III standing, with leave to amend. The Court's Order should not be construed to opine on the merits of her allegations, either with respect to personal jurisdiction over the CP Defendants or the merits

---

[5] According to Sud, Jacobo holds the Costco membership. (Sud Decl., ¶ 6.)

5

of her claims.  The Court's ruling on the lack of futility of amendment relates only to the question of standing.  Therefore, the Court DENIES, WITHOUT PREJUDICE, the remaining motions.

If Sud chooses to file an amended complaint, she shall do so by no later than February 19, 2016.  Defendants shall file their answer or otherwise respond within twenty-one days thereafter.  The Court shall defer setting an initial case management conference until this matter is at issue.

**IT IS SO ORDERED.**

Dated:  January 15, 2016

_____
JEFFREY S. WHITE
United States District Judge