1  Robert A. Mittelstaedt (State Bar No. 60359)
   ramittelstaedt@JonesDay.com
2  Craig E. Stewart (State Bar No. 129530)
   cestewart@JonesDay.com
3  Caroline N. Mitchell (State Bar No. 143124)
   cnmitchell@JonesDay.com
4  David L. Wallach (State Bar No. 233432)
   dwallach@JonesDay.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA  94104
   Telephone:    415.626.3939
7  Facsimile:    415.875.5700

8  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MONICA SUD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; CHAROEN POKPHAND FOODS PLC, a Bangkok. Thailand Corporation; C.P. FOOD PRODUCTS, INC., a Maryland Corporation,<br><br>Defendants. | **Case No. 15-cv-03783 JSW**<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT COSTCO WHOLESALE CORPORATION'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:     April 29, 2016<br>Time:    9:00 a.m.<br>Place:   Courtroom 5 |

Now before the Court is the motion to dismiss of defendant Costco Wholesale Corporation ("Costco"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the Court GRANTS Costco's motion.

Plaintiffs claim that it is unfair, unlawful, and misleading for Costco to sell farmed prawns from Southeast Asia when a newspaper report from *The Guardian* has alleged that one of the farmers that raises the prawns buys fishmeal from suppliers or sub-suppliers who engage in forced labor, and when other public reports have made allegations of forced labor and human rights abuses in the Thai fishing industry in general. Plaintiffs assert claims under California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200 *et seq.*), False Advertising Law ("FAL") (Cal. Bus. & Prof. Code §§ 17500 *et seq.*), and Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code § 1750 *et seq.*).

A pleading must be dismissed under Rule 12(b)(6) if it does not contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 784 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Material facts alleged in the complaint are taken as true. *Olagues v. Marin DA*, 2014 WL 3704918, at *3 (N.D. Cal. July 23, 2014). But plaintiff cannot rely on conclusory allegations or legal conclusions. *Id*.

Claims under the UCL, FAL and CLRA for false or deceptive advertising must comply with the heightened pleading standard of Rule 9(b). *Kowalsky v. Hewlett-Packard Co.*, 771 F. Supp. 2d 1138 (N.D. Cal. 2010). Thus, "fraud or mistake" must be alleged with "particularity," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "[C]laims sounding in fraud must allege 'an account of the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Kowalsky*, 771 F. Supp. 2d at 1142 (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007)).

Plaintiffs allege that Costco should have disclosed on its product packaging that allegations of forced labor have been made against its indirect supplier and against the Thai fishing industry generally. This is essentially the same claim asserted in several other recent

"supply chain" lawsuits, including lawsuits alleging, like this one, forced labor in the Thai fishing industry. In those other suits, every court that has ruled on a motion to dismiss has dismissed the case with prejudice for failure to state a claim. *Barber v. Nestle USA, Inc.*, 2015 WL 9309553 (C.D. Cal. Dec. 9, 2015) (Thai fishing); *Wirth v. Mars Inc.,* 2016 WL 471234 (C.D. Cal. Feb. 5, 2016) (Thai fishing); *Hodsdon v. Mars, Inc.*, No. 15-CV-04450-RS, 2016 WL 627383 (N.D. Cal. Feb. 17, 2016) (chocolate). This Court agrees with those decisions.

As those courts have ruled, Costco did not owe a duty to disclose the alleged forced labor by entities several steps removed from Costco down its supply chain. California law limits the duty to disclose in these circumstances to issues that concern consumer safety (*see, e.g.*, *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012))—and plaintiffs do not and cannot claim any such issue exists here. In addition, even beyond the lack of any safety issues, no authority has extended the duty to disclose to the kind of alleged third-party misconduct that plaintiffs assert here.

The Court also concludes that plaintiffs have failed to state a valid claim of misrepresentation. Plaintiffs assert that Costco's Disclosure Regarding Anti-Slavery and Human Trafficking ("Disclosure"), which Costco posts on its website, is false or deceptive. Costco's Disclosure states that Costco has a Code of Conduct to which its suppliers are required to contractually agree that prohibits forced labor and human trafficking; that Costco arranges unannounced, independent, third-party audits of its suppliers; that if Costco discovers a violation it responds "in a manner commensurate with the nature and extent of the violation"; and that "[i]n general, we prefer working with the supplier to correct Code violations rather than immediately terminating the relationship."

Plaintiffs do not allege that they saw or relied on Costco's Disclosure. Therefore, they do not have standing to base a claim on the Disclosure. *Hall*, 2015 WL 9659911, at *5 (dismissing misrepresentation claim because plaintiffs did not allege "that any of the named plaintiffs saw and relied on SeaWorld's statements about its treatment of whales"); *Backhaut v. Apple, Inc.*, 74 F. Supp. 3d 1033, 1049 (N.D. Cal. 2014) (holding that the plaintiffs did not plead actual reliance as required for standing where the plaintiffs did not "allege that they saw, read, or relied on any

- 2 -

[Proposed] Order Granting
Costco's Motion to Dismiss
No. 15-CV-03783-JSW

representations" by the defendant prior to making their purchases). In addition, plaintiffs do not allege facts showing that Costco's Disclosure is incorrect or likely to mislead a reasonable consumer. Costco's Disclosure says nothing about prawns or the Thai fishing industry. It is not fraudulent or misleading for Costco to disclose information about its efforts to eradicate forced labor from its supply chain without re-publishing public reports about issues in the Thai fishing industry.

Plaintiffs also have not alleged facts showing that Costco's sale of farmed prawns is "unlawful" or "unfair." Plaintiffs cite several statutes in passing that they assert "Defendants" violated. But this allegation does not distinguish between Costco and the other two defendants, and it is wholly conclusory. Plaintiffs do not identify any statute or public policy prohibiting the sale of allegedly "tainted" farmed prawns. *Baba v. Hewlett-Packard Co.*, 2010 WL 2486353, at *6 (N.D. Cal. June 16, 2010). They do not allege facts showing that Costco violated any of the statutes they cite or that Costco violated any public policy embodied in those statutes. Nor do plaintiffs allege that they were injured by any statutory violation.

The foregoing is sufficient to compel dismissal of the First Amended Complaint. The Court also concludes, however, that plaintiffs' nondisclosure claim under the UCL, FAL and CLRA, and their claim under the UCL "unfair" prong, are independently barred by California's safe harbor doctrine. The California Legislature enacted in 2010 the California Transparency in Supply Chains Act. Cal. Civ. Code § 1714.43. In that statute, the Legislature addressed the very issue presented here—*i.e.*, a seller's duty to disclose alleged slave labor in its supply chain—and limited the seller's obligation to disclosing only its efforts to identify and eradicate such slave labor. Companies are not required to disclose whether any slave labor has been found to exist or is alleged to exist. By thus prescribing the scope of a company's disclosure duty in this circumstance, "the California Legislature created a safe harbor that bars Plaintiffs' current claims." *Wirth,* 2016 WL 471234, at *8.

Plaintiffs are not entitled to leave to amend. They have not identified any facts that could be alleged to overcome the defects in their claims, including that alleged slave labor in the Thai fishing industry does not present a consumer safety issue, that they did not see or rely on any

1  alleged representations by Costco, that selling prawns from Southeast Asia does not violate any of

2  the laws they cite, and that the safe harbor independently bars their claims.

3      For the foregoing reasons, the Court GRANTS Costco's motion to dismiss. Plaintiffs'

4  First Amended Complaint is dismissed with prejudice.

5      IT IS SO ORDERED.

6  Dated: _____, 2016

7                                          By: _____
                                              HONORABLE JEFFREY S. WHITE
8                                             United States District Court Judge

10  NAI-1500891729v1