**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 20 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MONICA SUD, individually, and on behalf of all others similarly situated and CECILIA JACOBO, individually, and on behalf of all others similarly situated, | No.   17-15307 |
| | D.C. No. 4:15-cv-03783-JSW |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| COSTCO WHOLESALE CORPORATION, a Washington Corporation, | |
| Defendant-Appellee, | |
| and | |
| CHAROEN POKPHAND FOODS, PCL, a Bangkok, Thailand Corporation and C.P. FOOD PRODUCTS, INC., a Maryland Corporation, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Argued and Submitted June 12, 2018
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  SCHROEDER, GOULD, and DIAZ,** Circuit Judges.

Tragically, forced labor still infects the supply chains of many of the goods that American consumers buy.  Here, the plaintiffs contend that California consumer protection laws impose a duty on Costco to disclose forced labor in the supply chain of prawns sold at Costco stores.[1]  The district court granted Costco's motion to dismiss.  Reviewing the dismissal *de novo*, we affirm.

Insofar as the plaintiffs' claims are premised on omissions, our decision in *Hodsdon v. Mars, Inc.*, 891 F.3d 857 (9th Cir. 2018), controls the outcome.  In *Hodsdon* we held that a seller of goods has a duty to disclose only product defects that relate to the "central functionality" of the product.  *Id*. at 863.  Slave labor in a product's supply chain does not relate to the central functionality of a food product such as the shrimp at issue here.  *See id*. at 864.  The plaintiffs' claims under the CLRA, the unlawful and fraudulent prongs of the UCL,[2] and the FAL all require

---

** The Honorable Albert Diaz, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

[1] Plaintiffs assert that Costco violated the Unfair Competition Law (UCL), Cal. Bus. and Prof. Code § 17200 *et seq.*, the Consumer Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 *et seq.*, and the False Advertising Law (FAL), Cal. Bus. & Prof. Code § 17500 *et seq*.

[2] The UCL prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. As in *Mars* plaintiffs here assert that Costco's failure to disclose was unlawful under the UCL because that failure to disclose violated the CLRA.  Because we hold that Costco did not violate the CLRA, we also hold that it did not violate the unlawful prong of the UCL.

showing that Costco had a duty to disclose forced labor in the product supply chain. *Id.* at 865, 867–68.

To bring a claim under the unfair prong of the UCL, a plaintiff must show either that the supposed unfairness is "tethered" to a legislative policy, or that it is immoral, unethical, oppressive, unscrupulous, or injurious to consumers. *Scripps Clinic v. Superior Court*, 134 Cal. Rptr. 2d 101, 116 (Cal. Ct. App. 2003). Here, the plaintiffs identify the anti-slavery policy of the United Nations Declaration of Human Rights (UNDHR) as the relevant legislative policy. But in *Hodsdon* we held that "there is not a close enough nexus" between the UNDHR and the failure to include disclosures on product labeling. 891 F.3d at 867. We also held that "failure to disclose information [the defendant] had no duty to disclose in the first place is not substantially injurious, immoral, or unethical." *Id*. The plaintiffs have not stated a claim under the unfair prong of the UCL.

The plaintiffs try to differentiate this case from *Hodsdon* on grounds that they have pled affirmative misrepresentations, whereas *Hodsdon* involved only omissions. Specifically, the plaintiffs point to Costco's website statements about its supplier code of conduct, and the steps that Costco would take to curtail human trafficking in its supply chain. Under the relevant California consumer protection statutes, however, the plaintiffs can recover on an affirmative misrepresentation theory only if they relied on the defendant's representations. *In re Tobacco II*

3

*Cases*, 207 P.3d 20, 39 (Cal. 2009) (UCL); *Tucker v. Pac. Bell Mobile Servs.*, 145 Cal. Rptr. 3d 340, 357 (Cal. Ct. App. 2012) (CLRA); *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 884, 888 (Cal. 2011) (FAL).  Here, the plaintiffs have not pled reliance on Costco's alleged misrepresentations.  Even if construed as an affirmative misrepresentation claim, the plaintiffs' complaint was correctly dismissed.  Our recent decision in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), does not change this result with regard to injunctive relief.  In that case we held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling." *Id.* at 969.  But the plaintiffs here did not rely on Costco's statements and were not previously deceived by them.

**AFFIRMED.**